**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN H. TODD,

　　　　　Plaintiff-Appellant,

　v.

GALE A. McMAHON; et al.,

　　　　　Defendants-Appellees.

No. 16-36022

D.C. No. 1:15-cv-01091-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted September 26, 2017[**]

Before:　SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

　　John H. Todd appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging constitutional violations arising from the

seizure of neglected cats pursuant to a search warrant. We have jurisdiction under

28 U.S.C. § 1291. We review de novo. *United States v. Luk*, 859 F.2d 667, 670

---

　　[*]　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 1988).  We may affirm on any basis supported by the record.  *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009).  We affirm.

Summary judgment on Todd's Fourth Amendment claim was proper because Todd failed to raise a genuine dispute of material fact as to whether defendant McMahon was not authorized to obtain the warrant.  *See* Or. Rev. Stat. § 167.345(2) ("[A] peace officer, after obtaining a search warrant . . . may enter the premises or motor vehicle where the animal is located to provide the animal with food, water and emergency medical treatment and may impound the animal."); Or. Rev. Stat. § 161.015 (defining a "[p]eace officer" as a member of the Oregon State Police, sheriff, or reserve officer); Or. Rev. Stat. § 204.635 (providing that sheriff may appoint deputies and may also by special written appointment authorize any other person to do any particular act).

The district court did not abuse its discretion by denying Todd's motions for sanctions and to strike because Todd failed to establish grounds for relief.  *See Dunn v. Trans World Airlines, Inc.*, 589 F.2d 408, 415 (9th Cir. 1978) ("The sanctions available to a trial judge under [the Federal Rules of Civil Procedure] are discretionary and the imposition of such sanctions will not be reversed unless there has been an abuse of discretion." (citation and internal quotation marks omitted)).

**AFFIRMED.**